IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

GREGORY R. ALLEN,                    )
                                     )
              Plaintiff(s),          )        No. C 08-4268 CRB (PR)
                                     )
      vs.                            )        ORDER OF DISMISSAL
                                     )
DIRECTOR OF CORRECTIONS, et al.,     )
                                     )
              Defendant(s).          )
_____      )

       Plaintiff, a State of California prisoner incarcerated at the Correctional

Training Facility in Soledad, has filed a pro se complaint under 42 U.S.C. § 1983

challenging the conditions of his confinement.  He seeks injunctive and monetary

relief.  Plaintiff has not exhausted California's prison administrative process,

however.

       The Prison Litigation Reform Act of 1995 ("PLRA") amended 42 U.S.C. §

1997e to provide that "[n]o action shall be brought with respect to prison

conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner

confined in any jail, prison, or other correctional facility until such administrative

remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  Although once

within the discretion of the district court, exhaustion in prisoner cases covered by

§ 1997e(a) is now mandatory.  Porter v. Nussle, 534 U.S. 516, 524 (2002).  All

available remedies must now be exhausted; those remedies "need not meet federal standards, nor must they be 'plain, speedy, and effective.'" Id. (citation omitted).  Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit.  Id.; Booth v. Churner, 532 U.S. 731, 741 (2001).  Similarly, exhaustion is a prerequisite to all prisoner suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong.  Porter, 534 U.S. at 532.  PLRA's exhaustion requirement requires "proper exhaustion" of available administrative remedies.  Woodford v. Ngo, 126 S. Ct. 2378, 2382 (2006).

The State of California provides its prisoners the right to appeal administratively "any departmental decision, action, condition or policy perceived by those individuals as adversely affecting their welfare."  Cal. Code Regs. tit. 15, § 3084.1(a).  It also provides them the right to file appeals alleging misconduct by correctional officers/officials.  Id. § 3084.1(e).  In order to exhaust available administrative remedies within this system, a prisoner must proceed through several levels of appeal: (1) informal appeal, (2) first formal appeal on a CDC 602 inmate appeal form, (3) second level appeal to the institution head or designee, and (4) third level appeal to the Director of the California Department of Corrections and Rehabilitation.  Barry v. Ratelle, 985 F. Supp. 1235, 1237 (S.D. Cal. 1997) (citing Cal. Code Regs. tit. 15, § 3084.5).  A final decision from the Director's level of review satisfies the exhaustion requirement under § 1997e(a).  Id. at 1237-38.

Nonexhaustion under § 1997e(a) is an affirmative defense which should be brought by defendant(s) in an unenumerated motion to dismiss under Federal Rule of Civil Procedure 12 (b).  Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir.

2

2003).   But a complaint may be dismissed by the court for failure to exhaust if a prisoner "conce[des] to nonexhaustion" and "no exception to exhaustion applies." Id. at 1120.

Here, plaintiff concedes he did not exhaust available administrative remedies through the Director's level of review before filing suit, but suggests that the exhaustion requirement should be excused.  Not so.  The attachments to plaintiff's complaint show that plaintiff received a first formal level response to his appeal on August 21, 2008, and that the response advised him that he could appeal to the second formal level within 15 days.  Plaintiff instead filed suit in federal court.  There is no indication of any extraordinary circumstance which might compel that he be excused from exhausting available administrative remedies through the final Director's level of review.  Cf. Booth, 532 U.S. at 741 n.6 (courts should not read "futility or other exceptions" into § 1997e(a)).

Accordingly, the complaint is DISMISSED without prejudice to refiling after exhausting California's prison administrative process.  See McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002) (action must be dismissed without prejudice unless prisoner exhausted available administrative remedies before he filed suit, even if prisoner fully exhausts while the suit is pending).

The clerk shall enter judgment in accordance with this order and close the file.

SO ORDERED.

DATED:  Oct. 01, 2008

CHARLES R. BREYER
United States District Judge

G:\PRO-SE\CRB\CR.08\Allen, G1.dismiss.wpd